UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYMOND CIMINO,

                          Petitioner,

          -vs-

JAMES T. CONWAY, Superintendent,
Attica Correctional Facility,

                          Respondent.

**No. 6:16-cv-06189-MAT**
**DECISION AND ORDER**

---

## I.    Introduction

        Represented by counsel, Raymond Cimino ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that he is being unconstitutionally detained in Respondent's custody pursuant to an illegally enhanced sentence.

## II.  Factual Background and Procedural History

### A.    The Underlying Conviction and Persistent Felony Offender Application

        Following a jury trial in Monroe County Supreme Court (Mark, J.), a verdict was returned on July 31, 2002, convicting Petitioner of two counts of attempted aggravated assault on a police officer (New York Penal Law ("P.L.") §§ 110.00, 120.11), and three counts of first-degree reckless endangerment (Id. § 120.25), as charged in Indictment #0569/2001.

### B.    The Persistent Felony Offender Hearing

The prosecution subsequently filed an application requesting that the trial court exercise its discretion to find that Petitioner was a persistent felony offender ("PFO") pursuant to New York Penal Law ("P.L.") § 70.10. At the hearing[1] on October 25, 2002, the prosecution offered proof of five predicate felony convictions: an April 25, 1980 conviction in Monroe County Court for Attempted Burglary in the Third Degree for which he was sentenced to 1 year in Monroe County Jail; an April 9, 1991 conviction in Monroe County Court for Burglary in the Third Degree for which he was sentenced to 2 to 4 years "DOC" (i.e., state prison); an October 18, 1991 conviction in Erie County Court for Burglary in the Third Degree for which he was sentenced to 1 1/3 to 4 years in state prison; a February 2, 2000 conviction in Monroe County Court for Criminal Possession of Stolen Property in the Fourth Degree for which he was sentenced to 1 1/2 to 3 years in state prison; and a November 30, 2000 conviction for Grand Larceny in the Fourth Degree in Monroe County Court for which he was

---

[1]

The procedure by which a judge determines whether to impose a PFO sentence in a particular case is set forth in New York Criminal Procedure Law ("C.P.L.") § 400.20. Pursuant to that provision, the prosecution must first prove beyond a reasonable doubt that the defendant is a PFO—that is, that he has previously been convicted of two or more qualifying felonies—before an enhanced sentence is authorized. See N.Y. CRIM. PROC. LAW § 400.20(1), (5). The court is also directed to engage in a second inquiry, that is, to assess whether a PFO sentence is warranted before imposing such a sentence, taking into consideration the "history and character" of the defendant and the "nature and circumstances of his criminal conduct." Id.

sentenced to 2 to 4 years in state prison. (See Persistent Felony Offender Information;[2] H.8-9).[3]

On November 7, 2002, at the conclusion of the PFO hearing, Justice Mark issued a ruling on the record, finding that Petitioner "is adjudicated a [PFO] based on his [having] at least five prior felony convictions and his conviction for the present five felonies. . . ." At sentencing on November 7, 2002, Justice Mark sentenced him to 16 years to life on the attempted aggravated assault convictions, and 10 to 12 years on the first-degree reckless endangerment convictions, those sentences to be served concurrently.

On November 8, 2002, the parties appeared before Justice Mark again, who noted that they had utilized the incorrect sentencing scheme, resulting in an illegal sentence. Accordingly, Justice Mark issued a corrected sentence, consisting of 15 years to life on each of the five convictions, those sentences to be served concurrently.

## C.   The First Four Motions to Vacate and the Direct Appeal

Prior to perfecting his direct appeal, Petitioner filed three pro se motions to vacate the conviction pursuant to New York

---

[2]

The Persistent Felony Offender Information ("PFO Information") was attached as Exhibit ("Ex.") C to Petitioner's July 2014 Motion to Vacate, and has been submitted as part of Respondent's Appendix of Exhibits ("Resp't App.") as App. A.

[3]

References to "H." in parentheses refer to pages from the transcript of the PFO hearing held on October 25, 2002, in New York State Supreme Court, Monroe County, before Justice Donald Mark. The transcript was attached as Ex. B to Petitioner's July 2014 Motion to Vacate (Resp't App. A).

Criminal Procedure Law ("C.P.L.") § 440.10, all of which were unsuccessful.

On March 14, 2008, The Appellate Division, Fourth Department, unanimously affirmed the conviction, and leave to appeal to the New York Court of Appeals was denied. See People v. Cimino, 49 A.D.3d 1155 (4th Dep't), lv. denied, 10 N.Y.3d 861 (2008).

Petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied by this Court on March 2, 2011. See Cimino v. Conway, No. 08-CV-6318 (MAT), 2011 WL 815677 (W.D.N.Y. Mar. 2, 2011), cert. denied sub nom., Cimino v. Bradt, 132 S. Ct. 1716 (2012).

In December of 2012, while Petitioner's petition for certiorari was pending before the United States Supreme Court, he filed his fourth C.P.L. § 440.10 motion. The Monroe County Supreme Court (Renzi, J.) denied the motion on February 24, 2013.

### D.   The Fifth Motion to Vacate

On November 8, 2013, Petitioner filed his fifth pro se motion to vacate in Monroe County Supreme Court (Renzi, J.), seeking to have his PFO sentence set aside under C.P.L. § 440.20. According to Petitioner, at the time of his sentencing in 2002, he did not have at least two prior felony convictions for which sentences of imprisonment in excess of one year were imposed, contrary to the requirements of P.L. § 70.10. In particular, Petitioner maintained that his Monroe County Court convictions for Criminal Possession of

Stolen Property in the Fourth Degree and Grand Larceny in the Fourth Degree each resulted in Petitioner being sentenced to the Willard Campus drug treatment program, from which he was released to parole before serving one year. Therefore, Petitioner argued, Justice Mark's use of the 2000 convictions in connection with the PFO adjudication was improper.

Justice Renzi noted that New York state courts have consistently held that for purposes of Section 70.10, "it is immaterial whether a defendant actually served a sentence in excess of one year." February 24, 2015 Order Denying C.P.L. § 440.20 Motion ("2/24/15 Order") at 3 (collecting cases). Therefore, Justice Renzi found, even though Petitioner "apparently served less than one year on his 2000 convictions due to his placement in the Willard drug treatment program, there is no question he was sentenced to terms in <u>excess</u> of one year (1 1/2 to three years on February 2, 2000, and 2 to 4 years on November 30, 2000, respectively)." (2/24/14 Order at 3). Justice Renzi noted that Petitioner violated his parole in June 2000, following his "first [Willard] sentence", and received his "second Willard sentence in November 2000." (2/24/14 Order at 4). Nevertheless, Justice Renzi found, "each sentence imposed was in excess of one year." (<u>Id.</u>). To the extent that Petitioner argued that he was "not incarcerated in a prison facility for either sentence in 2000 prior to his arrest for the offenses underlying this motion. . ., and that those

felonies do not count for persistent felony purposes," Justice Renzi rejected that argument because New York courts have "interpreted the legislative intent behind . . . P.L. § 70.10 . . . as not precluding the use of sentences which exceed one year, but which are comprised primarily of a drug-treatment or reformatory component." (Id.) (collecting cases)).

**E.    The March 13, 2014 Vacatur of the 2000 Fourth-Degree Grand Larceny Conviction**

In 2013, Petitioner moved for vacatur of his 2000 fourth-degree grand larceny conviction in Monroe County Court on the ground that it was illegal to sentence him to the Willard Drug Treatment Campus because he had already participated in the program and did not qualify for admission to the program a second time. The backgrounds facts relative to this motion are as follows:

On July 9, 1999, Petitioner pled guilty to Criminal Possession of Stolen Property in the Fourth Degree in Monroe County Court, and was sentenced, on February 2, 2000, to an indeterminate term of imprisonment of one and one-half to three years, with a maximum expiration date of January 13, 2003. Petitioner was released to parole supervision on June 6, 2000, and never received an early termination of that parole term.

Less than a month after being released to parole on the 1999 stolen property conviction, Petitioner pled guilty, on July 11, 2000, to one count of Grand Larceny in the Fourth Degree (P.L.

-6-

§ 155.30(1))[4] and one count of Driving While Intoxicated ("DWI") (misdemeanor) (New York Vehicle and Traffic Law § 1129(3)) in Monroe County Court. On November 30, 2000, he was adjudicated a second felony offender and sentenced, on the grand larceny conviction, to an indeterminate term of imprisonment of two to four years with participation in the Willard Drug Treatment Program, pursuant to C.P.L. § 410.91. He received a one-year conditional discharge for the DWI conviction.

The prosecutor agreed that Petitioner's sentence on the November 30, 2000 fourth-degree grand larceny conviction should be vacated, since, at the time of the conviction, he was subject to an undischarged term of imprisonment, namely, his term of parole supervision on the February 2, 2000 fourth-degree criminal possession of stolen property conviction. Therefore, under C.P.L. § 410.91(2), Petitioner was not eligible for sentencing to a drug treatment program, and his sentence on the grand larceny conviction was unauthorized. See N.Y. CRIM. PROC. LAW § 410.91(2).[5] The prosecutor argued that "[a]n order setting aside a sentence pursuant to [CPL § 440.20] does not affect the validity or status of the underlying conviction, and after entering such an order the

---

4

This felony conviction was referenced in the prosecution's PFO Information, see Resp't App. A.

5

"A defendant is an 'eligible defendant' for purposes of a sentence of parole supervision when such defendant is[, inter alia,] . . . not subject to an undischarged term of imprisonment." N.Y. CRIM. PROC. LAW § 410.91(2).

court must re-sentence the defendant in accordance with the law[.]"
N.Y. CRIM. PROC. LAW § 440.20(3). The prosecutor noted the
appropriate sentencing range was an indeterminate sentence having
a minimum of one and one-half to three years and a maximum of two
to four years.

On March 13, 2014, Monroe County Court Judge Vincent M.
Dinolfo granted Petitioner's motion and vacated the 2000 fourth-
degree grand larceny conviction. Petitioner  withdrew his guilty
plea, immediately pled guilty to the same charge, and was re-
sentenced, as a second felony offender, to an indeterminate term of
imprisonment of one and one-half to three years in prison.

**F.   The Sixth Motion to Vacate**

On July 10, 2014, Petitioner filed his sixth <u>pro</u> <u>se</u> motion to
vacate pursuant to C.P.L. §§ 440.10 and 440.20 in Monroe County
Supreme Court (Renzi, J.), asserting that trial counsel provided
ineffective assistance by giving deficient advice concerning an
alleged plea offer regarding the charges under Indictment
#0569/2001 (two counts of attempted aggravated assault on a police
officer and three counts of first-degree reckless endangerment) of
which he was convicted following a jury trial in 2002, by failing
to challenge the constitutionality of the guilty plea resulting in
the now-vacated fourth-degree grand larceny conviction, and by
failing  challenge  the  sentencing  court's  alleged  use  of
Petitioner's "[s]entence(s) to Parole Supervision" in determining

that Petitioner is a PFO. In a decision and order dated November 13, 2014, Justice Renzi denied the first two claims on the merits, and denied the third claim as repetitive of the claim raised in the November 2013 motion to vacate, and lacking merit for the same reasons stated in the February 2014 order.

### G.   The Seventh Motion to Vacate

In motion papers dated February 26, 2015, Petitioner moved, pursuant to C.P.L. § 440.20 in Monroe County Supreme Court (Renzi, J.), to set aside the PFO sentence imposed following his 2002 conviction, under Indictment #0569/2001, to two counts of attempted aggravated assault on a police officer (P.L. §§ 110.00, 120.11), and three counts of first-degree reckless endangerment (Id. § 120.25). Petitioner argued that his trial counsel was ineffective for having failed to challenge the constitutionality of his 2000 fourth-degree grand larceny conviction at his PFO hearing, and that he was prejudiced because that 2000 conviction was used as a predicate felony for purposes of P.L. § 70.10. Petitioner argued that the 2014 vacatur of the 2000 fourth-degree grand larceny conviction renders it a nullity for purposes of it being a predicate felony under P.L. § 70.10 for the PFO sentence imposed in 2002. In other words, Petitioner claimed, because the second sentencing (and by extension, the conviction) on the fourth-degree grand larceny charge occurred in 2014, after the PFO sentence was

imposed in 2002, the fourth-degree grand larceny conviction cannot be a predicate felony.

The prosecution argued that trial counsel was not ineffective because, in 2002, there was no viable constitutional challenge to the 2000 fourth-degree grand larceny conviction. The prosecutor also argued that the effective date of the fourth-degree grand larceny conviction, for purposes of using it as a predicate under P.L. § 70.10, remains 2000, and not 2014, when Judge Dinolfo vacated that conviction and resentenced Petitioner. Both the prosecutor and Petitioner argued that People v. Acevedo, 17 N.Y.3d 297 (2011), supported their respective positions.

In an order dated May 28, 2015, Justice Renzi denied Petitioner's motion based on his interpretation of Acevedo, which he recognized was a decision by a divided court (6-1), lacking a single rationale establishing a majority (two judges concurred with the main decision, and three judges joined in a concurrence of the result). Justice Renzi focused on the Chief Judge Lippman's criticism of the defendants' "purpose[, which] was, by means of vacatur and resentence, to render their prior convictions useless as predicates to enhance punishment for the crimes they subsequently committed." Acevedo, 17 N.Y.3d at 303. "Resentence[,]" the chief judge noted, "is not a device appropriately employed simply to alter a sentencing date and thereby affect the utility of a conviction as a predicate for the imposition of enhanced

punishment." Id.[6]  In short, Justice Renzi determined that Petitioner's predicate sentencing date for purposes of his PFO status is "that which occurred in 2000, and not the resentence which occurred in 2014."

## H.  Additional Motions to Vacate

Petitioner apparently filed at least one more motion to vacate in Monroe County Supreme Court on September 23, 2015, again challenging the validity of his PFO sentence. Justice Renzi denied the motion on February 5, 2016. This is the last state court filing in this matter of which the Court has been made aware. However, neither Petitioner nor Respondent has provided the Court with copies of this motion or the related decision denying it.

---

[6]

However, Chief Judge Lippman expressly noted that "[t]he present scenarios afford no occasion to decide what effect a bona fide Sparber resentence, or any resentence other than the ones before us, should have for predicate felony purposes." In neither of the cases on appeal in Acevedo was the appellant's conviction or sentence vacated, unlike in Petitioner's case. Likewise, Petitioner's case does not present a Sparber resentencing of either the "bona fide" or other variety. The position urged by Petitioner was adopted by one of the Appellate Divisions in 2014. See People v. Esquiled, 121 A.D.3d 807, 808, 993 N.Y.S.2d 578, 579 (2d Dep't 2014) (reversing second felony offender sentence where "[t]he predicate for this adjudication was a 1993 conviction for which, the parties agree, an illegal sentence was imposed. A lawful sentence on that conviction was not imposed until after the instant crimes were committed. The relevant statute provides, however, that for purposes of determining whether a prior conviction is a predicate felony conviction, the sentence upon such prior conviction 'must have been imposed before commission of the present felony'. Thus, the 1993 matter may not serve as a predicate felony conviction in the instant case. We reach this determination notwithstanding the fact that the defendant did not move to set aside his sentence in the 1993 matter until after the sentence in the instant case was imposed, as 'multiple offender status is defined by the plain statutory language, which courts are not free to disregard' at will") (internal quotations and citaitons omitted), lv. denied, 25 N.Y.3d 1201 (2015), recons. denied, 26 N.Y.3d 967 (2015).

I.    **The Federal Habeas Petition**

On December 23, 2015, Petitioner filed a pleading  in <u>Cimino</u> <u>v. Conway</u>, No. 08-cv-06318, styled as a "motion to vacate and set aside this Court's prior order . . . under Rule 60(b)(5), (6) of the Federal Rules of Civil Procedure" "on the sole ground" that his "persistent felony offender adjudication is based upon a[n] earlier judgment of conviction that his since been reversed." Respondent filed a Response on February 11, 2016, arguing that the Motion to Vacate is actually a "second or successive" petition, which, under 28 U.S.C. § 2244(b)(2), requires permission from the Second Circuit to file. Petitioner filed a Reply conceding that Rule 60(b) was not the proper procedural vehicle for his claim, but argued that the Motion to Vacate is not a "second or successive" petition and requested that it be re-characterized as a Section 2254 petition. The Court issued a Decision and Order finding that the Motion to Vacate was not a second or successive petition, and that it should re-characterized as a new Section 2254 petition. Accordingly, the Court directed that the Motion to Vacate be filed as the initial petition in this matter. Respondent answered the petition, and Petitioner, through retained counsel filed a reply.

For the reasons discussed below, the Court finds that Petitioner's sentencing claim is not cognizable, to the extent that it relies on the state courts' interpretation of the PFO statute. To the extent that Petitioner asserts a violation of due process in

regards to his sentencing as a PFO, the Court finds that the claim is unexhausted but may be denied under the authority of 28 U.S.C. § 2254(b)(2).

## III. Discussion

### A.    New York's PFO Sentencing Scheme

Subject to certain exceptions, a PFO is defined as a "person, other than a persistent violent felony offender . . . who stands convicted of a felony after having previously been convicted of two or more felonies." N.Y. PENAL LAW § 70.10(1)(a). "A previous felony conviction within the meaning of [Section 70.01(1)(a)] . . . is a conviction of a felony in this state, or of a crime in any other jurisdiction, provided: (i) that a sentence to a term of imprisonment in excess of one year . . . was imposed therefor; (ii) that the defendant was imprisoned under the sentence for such conviction prior to the commission of the present felony [for which the enhanced sentence is sought]. . . ." N.Y. PENAL LAW § 70.10(b). Once a defendant is determined to be a PFO, he may receive an indeterminate sentence corresponding to potential sentence for a class A-I felony, which must have a minimum range of between 15 to 25 years, and a maximum of up to life in prison. See N.Y. PENAL LAW §§ 70.10(2); 70.00(3)(a)(i).[7]

---

[7]

In Petitioner's case the effect of PFO status was to increase his sentencing exposure from a 15-year determinate sentence on his various 2002 convictions to an indeterminate sentence of at least 15 years to life.

### B.   Petitioner's Arguments

Petitioner argues that the prosecutor "false[ly]" claimed, in the PFO Information, that he had five qualifying prior felony convictions prior to the date of 2002 conviction. While it does not appear that the contents of the PFO Information are false, the Court agrees that the prosecutor and original sentencing court misapplied New York State law in finding that Petitioner had five prior felonies that qualified under P.L. § 70.10, a challenge that was not made by Petitioner's trial counsel at the time.

The first felony listed in the PFO Information is an April 25, 1980 conviction in Monroe County Court for Attempted Burglary in the Third Degree for which he was sentenced to 1 year in Monroe County Jail. However, "[b]ecause the sentence was not in excess of one year, that conviction could not be considered a previous felony for the purpose of adjudicating the defendant a persistent felony offender." People v. Melero, 182 A.D.2d 839, 839, 582 N.Y.S.2d 795, 796 (2d Dep't 1992) (finding that 1972 conviction for fourth-degree criminal possession of dangerous drugs which resulted in a term of imprisonment of one year could not serve as a previous felony for purposes of adjudicating the defendant a PFO).

Petitioner next argues that the second and third felonies in the PFO Information can only count as one predicate felony because "both offenses took place before [Petitioner] was sentenced on either of them." (Dkt #11 at 3). See People v. Morse, 62 N.Y.2d

205, 215 (1984) (holding that the "Legislature intended that the two or more predicate violent felony offenses required under the persistent violent felony offender law as the predicate for enhanced punishment under that statute be determined . . . sequentially (i.e., so that the second offense, to be counted as a predicate, must be committed after sentence was imposed on the first)"). Here, the second felony is an April 9, 1991 conviction in Monroe County Court for Burglary in the Third Degree for which he was sentenced to 2 to 4 years in prison, and the third is an October 18, 1991 conviction in Erie County Court for Burglary in the Third Degree for which he was sentenced to 1 1/3 to 4 years in prison. It appears, based on the Court's review of the Criminal History Record Information from the New York State Division of Criminal Justice Services ("NYSDCJS Report"), that the offense underlying the third (i.e., Erie County Court) conviction was committed on January 31, 1991, which was *before* the sentence was imposed on the second (i.e., Monroe County Court) conviction.

With regard to the fourth conviction in the PFO Information was a  February 2, 2000 conviction in Monroe County Court for Criminal Possession of Stolen Property in the Fourth Degree, Petitioner argues that he did not serve a qualifying sentence of incarceration in state prison. Instead, Petitioner states, he was sentenced to "immediate parole supervision" under C.P.L. § 410.91, which allows an eligible defendant to be given an indeterminate

term of imprisonment which is then served under parole supervision for 90 days at an intensive drug treatment facility operated by New York State Department of Corrections and Community Supervision ("DOCCS") (in Petitioner's case, the Willard campus). The records submitted to the Court bear this out. While the PFO Information states that he was sentenced to "1 1/2 to 3 DOC," presumably, 1 1/2 to 3 years in the custody of, review of the NYSDCJS Report indicates as follows: "SENT  18 months - 3 years SENTENCED ON 02-02-00." However, farther down in that entry, under "Penal/Parole Data," it states as follows: "02-02-00 SENTENCED TO PAROLE."

Finally, Petitioner argues that the fifth conviction in the PFO Information, and a November 30, 2000 conviction for Grand Larceny in the Fourth Degree in Monroe County Court, likewise resulted in release to immediate parole supervision to Willard. The Court has reviewed the NYSDCJS Report, which indicates that he was sentenced on "11-30-00." to "PAROLE SUPERVISION SENTENCE SENT 2 YEARS - 4 YEARS." Petitioner also argues that the fifth conviction cannot constitute a predicate felony because that conviction and the resulting sentence were vacated in March 2014, see Section II.E, supra. Even though he pled guilty to the same charge and received a legal sentence, the new conviction and re-sentence cannot be considered predicates they violates the sequentiality requirement of P.L. § 70.10 insofar as they post-date the 2002 convictions on which the PFO sentence was imposed.

-16-

**C.    Habeas Relief Is Unavailable for a Misapplication of the PFO Statute**

Even assuming that Petitioner is correct that he only had one qualifying predicate felony conviction at the time he was sentenced as a PFO, and that the sentencing judge misapplied the PFO statute, he cannot obtain habeas relief on this basis alone. "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is further constrained by the 1996 amendments to 28 U.S.C. § 2254, which now provides that

> (d) [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not* be granted with respect to any claim that was *adjudicated on the merits in State court proceedings unless* the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphases supplied).

Here, Petitioner's claim regarding his PFO sentence has been adjudicated on the merits, multiple times, by the state courts. Habeas relief is unavailable under the plain terms of Section 2254(d)(1), because the state courts never applied "clearly established" Supreme Court precedent in adjudicating his sentencing

claim. Although Petitioner's habeas counsel did not raise an argument under Section 2254(d)(2), i.e., that the sentencing judge unreasonably determined the facts when arriving at his ruling on Petitioner's PFO status. However, the Court considered such an argument but found that it has been rejected by the Second Circuit, albeit in an unpublished decision. See Saracina v. Artus, 452 F. App'x 44, 46 (2d Cir. 2011) (unpublished opn.). The Second Circuit found unavailing a habeas petitioner's argument that he was entitled to relief under Section 2254(d)(2) on the basis that "the state court made an unreasonable factual determination Whether a New York court erred in applying a New York recidivist sentencing enhancement statute[,]" because that involved "a question of New York State law, not a question of fact." Saracina, 452 F. App'x at 46.  The Second Circuit rejected the claim as non-cognizable since "it is well-established that '[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" Id. (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

### B.  Petitioner's Due Process Claim Is Unexhausted and Without Merit

Petitioner also argues that the state court's use of his 2000 fourth-degree grand larceny conviction deprived him of due process under the United States Constitution because the sentence in that case was illegal from the outset, and because both the conviction itself and the sentence were vacated in 2014. (See Petitioner's

Reply at 11). However, Petitioner never framed his sentencing claim as a federal due process violation, and therefore never presented the federal constitutional nature of the claim to the state courts, which means he has not fulfilled the exhaustion requirement. See Daye v. Attorney Gen. of the State of N.Y., 696 F.2d 186, 190-91 (2d Cir. 1982) (en banc); 28 U.S.C. § 2254(b)(1), (c). This claim could still be raised via a C.P.L. § 440.20 motion and, therefore, the claim is not procedurally barred. E.g., Ford v. Smith, No. 12CIV8993VBLMS, 2016 WL 7647042, at *7 (S.D.N.Y. Aug. 8, 2016), rep. and rec. adopted, No. 12 CV 8993(VB), 2017 WL 27982 (S.D.N.Y. Jan. 3, 2017). Petitioner has not recognized that the due process claim is unexhausted, and has not asked for a stay of the petition to allow him to exhaust this claim. The Court finds that it would be an abuse of its discretion to grant a stay, in any case, because Petitioner cannot possibly demonstrate "good cause" for failing to exhaust the due process claim sooner, and the claim is plainly lacking in merit.[8] The Court accordingly will exercise its statutory authority to consider the claim's merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be

---

[8] Under Rhines v. Weber, 544 U.S. 269 (2005), a stay and abeyance to allow the petitioner to exhaust his unexhausted claims may be appropriate, where (1) the petitioner had good cause for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. See 544 U.S. at 278.  All three elements have to be met. See id. A district court should not grant a habeas petitioner a stay and abeyance in a proceeding involving a mixed petition of exhausted and unexhausted claims when the petitioner's unexhausted claims are "plainly meritless." Id.

denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); see also Ford, 2016 WL 7647042, at *7 (considering merits of unexhausted claim that petitioner was adjudicated a persistent violent felony offender in violation of New York State's sequentiality rules with respect to prior convictions because it was "plainly meritless").

A defendant has certain due process rights during sentencing. Torres v. United States, 140 F.3d 392, 404 (2d Cir. 1998). The Second Circuit has explained that due process "requires . . . that a defendant not be sentenced based on materially false information," id. (citing Townsend v. Burke, 334 U.S. 736, 740-41 (1948); that a defendant "be given notice and an opportunity to contest the facts upon which the sentencing authority relies in imposing the sentence," id. (citing Townsend, 334 U.S. at 741; and that a defendant "not be sentenced based on a material misapprehension of fact," id. (citing United States v. McDavid, 41 F.3d 841, 843-44 (2d Cir. 1995) (in turn citing Townsend, 334 U.S. at 741). As discussed below, Petitioner "has not demonstrated any of these violations and thus has failed to show a deprivation of due process." Dewall v. Superintendent, Mohawk Corr. Facility, No. 05 Civ. 5583(NGG)(RLM), 2008 WL 3887603, at *13 (E.D.N.Y. Aug. 20, 2008); accord Ford v. Smith, 2016 WL 7647042, at *8.

The sentencing court was not provided with "materially false" information. Petitioner concedes that in addition to the PFO Information which Petitioner claims was misleading, the NYSDCJS Report was before the sentencing court. Indeed, the transcripts of the PFO hearing and sentencing hearing indicate that the sentencing court was aware that Petitioner had been sentenced to the Willard drug treatment program  in connection with two of his prior felony convictions. At sentencing on November 2, 2002, Justice Mark noted that Petitioner "was committed to Willard Drug Treatment facility on two occasions and this did not affect his drug addiction."

Petitioner was represented by counsel during the PFO hearing and sentencing. The transcripts of the sentencing proceedings demonstrate that he clearly was given notice given notice and an opportunity to contest the facts upon which Justice Mark relied in adjudicating him a PFO and sentencing him as such.

Nor did the sentencing court "misapprehend the facts." Contrast with McDavid, 41 F.3d at 844 (reversing sentence on direct appeal of criminal conviction where record reveal the sentencing judge's "erroneous belief that McDavid was on probation at the time he committed the credit card frauds. When McDavid and his counsel tried to address the error, Judge Spatt silenced them. . . Judge Spatt's mistaken belief was material"). It may be that the sentencing court misapplied the law based on its apprehension of the facts, but, as noted in Saracina, supra, that would be a

misapprehension of state law, which is not cognizable on federal habeas review.

## IV.  Conclusion

For the foregoing reasons, Petitioner's request for a writ of habeas corpus is denied, and the petition (Dkt #1) is dismissed with prejudice. Because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

DATED:    February 27, 2017
          Rochester, New York